### Andrew Dressel v. James E. Thompson et al.

1. Pleading—*Document Relied Upon, etc.*—A document relied upon must be set out in the pleading, either by its tenor or its legal effect. Merely stating that it complies with the law, is insufficient.

Mechanic's Lien.—Appeal from the Circuit Court of Cook County; the Hon. Oliver H. Horton, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed March 3, 1896.

Ira W. & C. C. Buell and P. H. Bishop, attorneys for appellant.

George W. Woodbury, attorney for appellees.

Mr. Presiding Justice Gary delivered the opinion of the Court.

The appellant filed a petition for a mechanic's lien, in which, after stating the contract, and his performance of it, he put this sentence:

"And your orator represents, that on or about the 5th day of January, 1894, he filed his claim for a lien aforesaid, with the clerk of the Circuit Court of Cook County, Illinois, in accordance with the provisions of the statute in such case made and provided, a true copy of which is hereto annexed."

The petition was dismissed on demurrer, and the appellant's counsel argue that the dismissal was wrong, not because the claim was sufficient, but because the copy attached is not to be considered as part of the petition; not being in terms made an exhibit, as in Field v. Brokaw, 40 Ill. App. 371, and Dreyer v. Goldy, 62 Ill. App. 347.

We do not agree to the distinction they make, but if we did, the result would be the same. A document relied upon must be set out, either by its tenor or its legal effect. Merely stating that it complies with the law amounts to nothing. 1 Ch. Pl. 312, Ed. 1876 or 1883; 1 Dan. Chy. 362.

It follows that without looking at the copy the petition is bad, because it is not shown that a good claim was filed, and looking at the copy it is shown that a bad one was filed.

The decree is affirmed.